**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

JACKIE DANSBY
ADC # 610690                                                                                           PLAINTIFF

V.                             CASE NO. 5:10CV00176 BSM/BD

MARK STRINGFELLOW, *et al.*                                                            DEFENDANTS

## RECOMMENDED DISPOSITION

**I.     Procedures for Filing Objections:**

The following Recommended Disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. A copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

Mail your objections and/or request for a hearing to:

   Clerk, United States District Court
   Eastern District of Arkansas
   600 West Capitol Avenue, Suite A149
   Little Rock, AR 72201-3325

**II.     Introduction:**

Plaintiff, an inmate at the Tucker Unit of the Arkansas Department of Correction, filed this case pro se under 42 U.S.C. § 1983 and is proceeding *in forma pauperis*. (Docket entries #1 and #2)  In his Complaint, Plaintiff alleges that Defendant Mark Stringfellow made an inappropriate remark to him in March 2010.  Plaintiff states that as a result of the comment he was embarrassed and disrespected.  The Court recommends that Plaintiff's claim be dismissed with prejudice.

**III.    Discussion:**

To state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by laws of the United States. 42 U.S.C. § 1983.  Although "detailed factual allegations are not required," the complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1940 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, --- U.S. ----, 129 S.Ct. at 1940.

While a court must accept factual allegations in a complaint as true and hold a plaintiff's pro se complaint "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam ), a plaintiff still

must assert facts sufficient to state a claim as a matter of law. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Here, Plaintiff alleges that on March 3, 2010, Defendant Stringfellow saw Plaintiff in the upstairs barracks at the Tucker Unit and told him that he should not be in that area based on Plaintiff's inmate classification. Plaintiff informed Defendant Stringfellow that he had just been moved to that area. Defendant Stringfellow responded that Plaintiff could "slide [his] ass back down that pole." Plaintiff felt that this remark was inappropriate, and he was embarrassed. Unfortunately for Plaintiff, such a claim fails as a matter of law.

The Eighth Circuit has held repeatedly that verbal threats and verbal harassment, without more, do not amount to a constitutional violation. See *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985) and *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under § 1983). Accordingly, Plaintiff has failed to state a constitutional claim.

IV.   **Conclusion:**

The Court recommends that Plaintiff's claim be dismissed with prejudice and that this dismissal count as a strike for purposes of 28 U.S.C. § 1915(g). The Court further certifies that an appeal of this matter would be frivolous and not taken in good faith.

DATED this 21st day of June, 2010.

_____
UNITED STATES MAGISTRATE JUDGE